IN THE SUPERIOR COURT OF COLUMBIA COUNTY
STATE OF GEORGIA

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 APR 20  PM 3: 34
CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| SHANNON BASKIN | ) |
| | ) |
| | ) |
| | ) CASE NO.: **CV115-057** |
| v. | ) |
| | ) |
| DAVID ROPER (official capacity); | ) |
| RICHMOND COUNTY SUPERIOR | ) |
| COURT | ) |
| | ) |

## COMPLAINT TO DECLARE INVALID AND ENJOIN ENFORCEMENT OF GAG ORDER

### JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §1331. Plaintiff maintains this action under 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Defendant is depriving Plaintiff of liberty (free speech and freedom of the press) under color of law by threatening to enforce a "gag order" prohibiting plaintiff from discussing ongoing litigation of a family law matter pending in the Superior Court of Richmond County Georgia.

2. This is an action pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, to enjoin enforcement of a "gag order" imposed by the Courts of the State of Georgia, that, if allowed to continue in effect, would impose an intolerable burden on speech and on the press, in violation of the First and Fourteenth Amendments and of the United States Constitution.

## PARTIES

3. Shannon Baskin is an adult residing in Richmond County. She is the Plaintiff in a family law matter pending in Richmond County Superior Court.

4. David Roper is a judicial officer of the State of Georgia, Richmond County Superior Court. He is sued in his official capacity under the doctrine of Ex parte Young Case to halt the ongoing violation of fundamental constitutional rights. Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645-46 (2002); Balgowan v. State of N.J., 115 F.3d 214, 219 (3d Cir. 1997).

5. Richmond County Superior Court is part of the Georgia Court System and is the corporate entity which issued the illegal Gag Order. It is a proper Defendant under the Doctrine announced by the Court of Common Pleas, 75 F.3d 834, 837 (3d Cir. 1996).

## BACKGROUND INFORMATION

This case involves Superior Court Judge David Roper who issued a gag order in a pending family law case within Richmond County Superior Court on March 13, 2015 (Baskin v. Hale, Richmond County Superior Court, 2014D305). Judge Roper was already under scrutiny in this case in that it is believed by various media outlets that he had transcripts altered to reflect something different than what actually occurred during a temporary hearing held in July of 2014.

The Plaintiff's counsel did not file for immediate review with the Georgia Court of Appeals due to the fact that Judge Roper and the Clerk of Court had a specially set a final hearing date for April 6, 2015 less than a month from the date of the issuance of the Gag order.

A final hearing on custody issues was held on April 6, 2015 during which time Shannon Baskin's counsel expressed serious concerns about the judges findings of fact and law and expressed an intent to appeal.

The Judge issued what he entitled an "interim" order following the final hearing on April 6, 2015. The Plaintiff, Shannon Baskin, is precluded from appealing an interim order and is still bound by the gag order if the case remains open. Opposing Counsel, Brandon Dial, continues to threaten enforcement of the gag order. (Exhibit A).

Free speech and first amendment rights are of utmost important in the present case and the gag order puts an unconstitutionally impermissible restraint on the Plaintiff's free speech. Specifically, the Plaintiff and Plaintiff's counsel seek to speak out about the Judge's withholding of the audio transcripts from the July hearing which present a much more accurate depiction of the events as they occurred, the Judge's clear bias and position on domestic violence, and clear misapplication of Georgia law as it pertains to third party custody disputes.

## STATEMENT OF FACTS

6. On July 11, 2014 a temporary hearing was held in Richmond County Superior Court involving a custody modification of three children. The involved parties were Shannon Baskin vs. Gary Hale.

7. Shannon Baskin brought the custody modification based on a change in circumstances in that she had been a victim of severe domestic violence at the time the 2007 custody settlement agreement was signed and the opposing party continued to exhibit unstable and destructive behavior as it pertained to the best interest of the children.

8. At the time of the initiation of the paperwork Shannon Baskin's then attorney, Alex Brown, had resigned from her case two days before the hearing leaving her with no meaningful opportunity to seek replacement counsel.

9. Shannon Baskin represented herself at the July 11, 2014 temporary hearing.

10. The tone of the July 11, 2014 was extremely hostile towards Shannon Baskin as she represented herself. Baskin's husband was arrested summarily on contempt charges for "perjury" in that he testified he had been at a location for "a few days" and his wife's testimony presented a discrepancy in that she testified he had been there "a week".

11. Due to what is believed to be altered transcripts and Roper's refusal to release the audio tape it is very difficult to determine the exact portions of the testimony which Roper held were contemptuous.

11. At the July 11, 2014 hearing Plaintiff Shannon Baskin testified in Court that following the entry into the 2007 custodial settlement agreement she had been victimized by Hale's domestic violence. It was further brought out that Hale was neither the biological nor legal father of Baskin's eldest child nor had he ever been a step parent. Nevertheless, the Court allowed him to retain joint custody of this child as well.

12. Following the July 11, 2014 hearing Shannon Baskin posted a video on popular fund raising site "Go Fund Me". Baskin posted this video in an effort to raise money to obtain new counsel.

13. Within the video, Baskin used generic terms such as feeling sad and overwhelmed and as if she had been treated unfairly by the Court system. She did not use specific names, threats, or use any language that would warrant suppression

of her speech. There were absolutely no facts of the underlying case given, no children's names nor was the Defendant's name or Judge Roper's name used.

14. Directly after posting the video, On July 23rd 2014, Judge Roper hauled Plaintiff Shannon Baskin back into court and admonished her publicly about the video and warned her about the consequences of posting any more videos seeking assistance.

15. Shannon Baskin was also questioned about Fox 54 News Channel's inquiries into her case. Specifically, Judge Roper wanted to know why reporter Nick Lulli was ordering copies of transcripts.

16. Reporter Nick Lulli had copies of Baskin's transcipts from the July 11, 2014 hearing and Lulli believed that the transcripts had been altered and did not match what had actually transpired at the hearing.

17. When Nick Lulli retained counsel and demanded the audio of the July 11, 2014 hearing this request was denied.

18. Shannon Baskin retained new private counsel in October of 2014.

19. In March of 2015 a hearing was held for the issuance of a gag order in this case to prevent Shannon Baskin from making any comments about the Augusta Judicial System and her treatment within this system.

20. The Gag order was issued Baskin and her attorney were enjoined from any discussion of the case and the Court system whatsoever.

21. Judge Roper issued a gag order restraining Baskins from discussing any issues surrounding the custody modification with the media, the internet and to remove any content already on the internet.

22. The Court made no specific findings about Baskins at the restraining order hearing and held generally, based on a proposed order submitted by opposing counsel, that

23. The State court judge did not conduct any meaningful weighing of Plaintiff's First Amendment freedom of speech rights. Plaintiff believes that important First Amendment issues are implicated by the broad sweeping language of the Gag Order.

24. The Gag Order entered by Judge Roper did not conduct any evidentiary hearing and did not conduct any meaningful weighing of litigants' First Amendment freedom of speech rights.

## COUNT ONE DECLARATORY AND INJUNCTIVE RELIEF

25. With respect to Baskin's case Defendant issued the Gag order in a summary proceeding without any evidentiary hearing or any weighing of competing interests, based on a generalized finding that publicity in family court is not in the best interests of children.

26. This denial of fundamental rights based on mere "best interest" is contrary to well established constitutional law. Troxell v. Granville, 120 S. Ct. 2054 (2002) (holding that "best interest of the children" could not trump fundamental constitutional rights); Palmore v. Sidoti, 466 U.S. 429, 433 (1984) (same).

27. State appellate courts have repeatedly invalidated similar gag orders in family court.  In re T.T., 779 N.W.2d 602, 612 (Ne. App. 2009); State Ex Rel. LM, 37 P.3d 1188 (Utah App. 2001); In re K.D., 929 N.E.2d 863 (Ind. App. 2010); In Re Marriage of Newell, 192 P.3d 529, 538 (Colo. App. 2008).

Plaintiff respectfully requests that the Court:

a. Under the Declaratory Judgment Act, declare that the gag order is unconstitutional under the First and Fourteenth Amendments and the Commerce Clause of the United States Constitution, and are therefore invalid and unenforceable;

b. Preliminarily and permanently enjoin Defendants and those persons in concert or participation with them from taking any actions to enforce the gag order.

c. Award Plaintiff reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and d. Award Plaintiff other and further relief as the Court deems just and proper.

Respectfully Submitted,

_____

Shannon Briley-Holmes
Ga Bar # 447679
50 Hurt Plaza Suite 1500-32
Atlanta Ga 30303
770-572-9841 (phone)
shannonbrileyholmes@gmail.com